ADDISON,<br>*January,*<br>1842.<br>——<br>Probate Court<br>*v.*<br>Hall and<br>Wentworth.

---

PROBATE COURT for the District of New Haven *v.* WHEE-LOCK H. HALL & ENOS WENTWORTH.

It is not error for a court to refuse an amendment, where, by the rules of law, they might have granted it.

DEBT on an administrator's bond, executed to the Probate court for the district of New Haven, by Everett D. Hall, (deceased,) administrator of the estate of Azel Wentworth, as principal, and by the dsfendants as sureties.

The action was commenced and prosecuted in the county court by Augustus White and T. Downey. Judgment having been rendered for the penalty of the bond, the plaintiff moved to amend the declaration by assigning additional breaches of the bond. Leave to amend was granted by the county court, and an amended declaration was filed, in the name of White, alone, as prosecutor. For this cause the defendants moved to dismiss the amended declaration, and the county court thereupon dismissed it. The plaintiff excepted to the decision.

*C. Linsley* argued for plaintiff, and cited Bigelow's Dig. 67, 68. Statute, Slade's Comp. 334. D. Chipman's R. 262,

*H. Needham, A. Peck* and *Wm. P. Briggs* for defendants.

ADDISON,
*January,*
1842.

Callender
*v.*
Sweat *et al.*

The opinion of the court was delivered by

REDFIELD, J.—In this case two prosecutors joined in putting the bond in suit. After the cause came into the county court, the plaintiff moved to amend the declaration, by assigning breaches anew. This leave was granted, and when the new declaration was filed, it was in the name of one of the prosecutors only. For this reason the defendants moved to dismiss it, and the county court sustained the motion, or, in other words, refused to suffer any such amendment.

Whether that court could have allowed any such amendment, is a question not now before us. They clearly had power, in their discretion, to refuse it. All amendments rest in the discretion of the court where the case is pending, so far as the amendment asked is of that character which may be made consistent with the rules of law. It is never a ground of writ of error for a court to refuse any thing resting in discretion. If a court should *grant* an amendment improperly, i. e. in a case where, by the rules of law, the matter was not amendable, it would be ground of error, but not when they refuse an amendment which they might have allowed.                    Judgment affirmed.